Filed 2/2/24  Trowbridge v. Superior Court CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ADAM TROWBRIDGE,<br><br>        Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SOLANO COUNTY,<br><br>        Respondent;<br><br>THE PEOPLE,<br><br>        Real Party in Interest. | A169523<br><br>(Solano County<br>Super. Ct. No. FCR367504) |

**THE COURT**:*

Petitioner seeks a writ of mandate to compel respondent superior court to issue a certificate of probable cause under Penal Code section 1237.5.[1]  We conclude petitioner is entitled to the requested relief.[2]

---

*   Before Simons, Acting P.J., Burns, J. and Chou, J.

[1] All further statutory references are to the Penal Code, unless otherwise noted.

[2] We grant the petition by way of this memorandum opinion because "[t]he Courts of Appeal should dispose of causes that

Before a defendant may take an appeal from a judgment of conviction based upon a plea of guilty or nolo contendere, the defendant must "fil[e] with the trial court a written statement, executed under oath or penalty of perjury[,] showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings," and obtain from the trial court "a certificate of probable cause for such appeal." (§ 1237.5.)

In deciding whether to issue a certificate of probable cause, "[t]he trial court is empowered to review the statement of the grounds of the appeal to preclude those appeals which raise no issues cognizable after a guilty plea or which raise cognizable issues which are 'clearly frivolous and vexatious. . . .' [Citations.] [¶] It is not the trial court's responsibility to determine if there was an error in the proceedings. The trial court's sole objective is to eliminate those appeals 'having no possible legal basis' by refusing to issue a certificate of probable cause. [Citations.] Section 1237.5 requires the trial court to certify any arguably meritorious appeal to the appellate courts. Thus, if the statement submitted by the defendant in accordance with section 1237.5 presents any cognizable issue for appeal which is not *clearly* frivolous and vexatious, the trial court abuses its discretion if it fails to issue a certificate of probable cause. [Citations.]" (*People v. Holland* (1978) 23 Cal.3d 77, 83-84, disapproved on other grounds in *People v. Mendez* (*Mendez*)

---

raise no substantial issues of law or fact by memorandum or other abbreviated form of opinion." (Cal. Stds. Jud. Admin., § 8.1.)

(1999) 19 Cal.4th 1084, 1097-1098 & fns. 7 & 9.) The propriety of a trial court's refusal to issue a certificate of probable cause is reviewable on mandamus. (*In re Brown* (1973) 9 Cal.3d 679, 683, disapproved on other grounds in *Mendez, supra,* 19 Cal.4th at p. 1097 & fn. 7; *People v. Johnson* (2009) 47 Cal.4th 668, 676.)

Here, in articulating grounds going to the legality of his no contest plea to felony unlawful firearm activity and misdemeanor domestic violence (§§ 29825, subd. (a), 273.5, subd. (a)), petitioner's certificate request asserted the superior court had erred in denying his motion for mental health diversion (§ 1001.36) "because the evidence did not support the court's finding that [petitioner] would pose an unreasonable risk of danger to public safety."

Respondent superior court summarily denied petitioner's request for a certificate of probable cause. Petitioner argues respondent abused its discretion, since his application asserted a cognizable and non-frivolous appellate issue.

The Attorney General's response to the petition concedes "petitioner presented a cognizable issue for appeal that was not clearly frivolous and vexatious: whether the superior court properly denied his motion for mental health diversion." Our review of the petition and record compel us to agree.

In accordance with our notification to the parties that we might do so, and as agreed by the Attorney General, we will direct issuance of a peremptory writ in the first instance. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180.) Petitioner's right to relief is obvious under settled

3

principles of law, and no useful purpose would be served by issuance of an alternative writ, further briefing, and oral argument. (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35; see *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1236-1237, 1240-1241; see also *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1240-1244.)

Let a peremptory writ of mandate issue, commanding respondent to set aside and vacate its October 25, 2023 order denying petitioner's application for a certificate of probable cause, and to enter a new and different order granting said application.

To prevent further delay, this opinion shall be immediately final as to this court. (Cal. Rules of Court, rule 8.490(b)(2)(A).) A copy of this opinion shall be filed in the related appeal in case No. A169050. Should the parties so stipulate, the remittitur shall issue immediately. (Cal. Rules of Court, rules 8.272(c)(1), 8.490(d).)